**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CLARENCE THOMPSON,**

    **Petitioner,**

**v.**                                  **CIVIL ACTION No. 1:18CV173
CRIMINAL ACTION No. 1:14CR49
(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER
DISMISSING CASE WITHOUT PREJUDICE [DKT. NO. 8]**

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1)[1] filed by the petitioner, Clarence Thompson ("Thompson"). For the reasons that follow, the Court concludes that Thompson's motion is untimely under 28 U.S.C. § 2255(f)(3). Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE.**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On September 4, 2018, Thompson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1). On that same day, this Court sent Thompson a Notice of Deficient Pleading, notifying him of the possible dismissal of his case should he not re-file his motion on the court-approved form (Dkt. No. 3). On September 26, 2018, Thompson complied with the Notice of Deficient Pleading and re-filed his motion on the court-approved

---

[1] All docket numbers, unless otherwise noted, refer to Civil Action No. 1:18CV173.

**MEMORANDUM OPINION AND ORDER
DISMISSING CASE WITHOUT PREJUDICE [DKT. NO. 8]**

form (Dkt. No. 8).

Following a preliminary review of Thompson's § 2255 motion under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court concluded that Thompson's motion may be untimely and issued a notice pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), notifying Thompson that his case may be found to be untimely unless he could demonstrate why the statute of limitations should be equitably tolled (Dkt. No. 12). Despite receiving an extension of the time in which to do so, Thompson has failed to respond to the Hill v. Braxton Notice (Dkt. Nos. 15, 16).

## II. ONE-YEAR LIMITATION PERIOD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a habeas petition under § 2255. Under the AEDPA, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right was initially recognized by the Supreme Court and made retroactively applicable to cases on

>           collateral review; or
>       (4) the date on which the facts supporting
>           the claim or claims presented could have
>           been discovered through the exercise of
>           due diligence.

28 U.S.C. § 2255(f)(1)-(4). In the Fourth Circuit, when a § 2255 motion appears untimely and the Government has not filed a motion to dismiss based on the one-year statute of limitations, courts must warn petitioners that the case is subject to dismissal absent a sufficient explanation. See United States v. Sosa, 364 F.3d 507 (4th Cir. 2004); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

### III. ANALYSIS

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), which held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. On April 18, 2016, the Supreme Court held that Johnson applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Because Thompson's § 2255 motion relies on the retroactive application of Johnson, he had to file his motion by April 18, 2017, one year after Welch was decided on April 18, 2016. 28 U.S.C. § 2255(f)(3). Thompson, however, did not file his § 2255 motion

until September 26, 2018, more than one year after the statute-of-limitations deadline set by § 2255(f)(3) (Dkt. No. 1).[2] Therefore, Thompson's motion is untimely, and he has failed to demonstrate any reason why the statute of limitations should be tolled.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Thompson has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). When courts deny relief on procedural grounds, a petitioner satisfies this standard by demonstrating both that the procedural ruling is debatable, and that the motion states

---

[2] Although Thompson's § 2255 motion was not correctly filed until September 26, 2018, the Court used September 4, 2018, the date he first filed his § 2255 motion, to determine whether it was timely under the AEDPA. See United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), *overruled in part on other grounds*, U.S.A. v. Blackstock, 513 F.3d 128 (4th Cir. 2007).

a debatable claim of the denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review of the record, the Court concludes that Thompson has failed to make the requisite showing and **DENIES** a certificate of appealability.

### V. CONCLUSION

For the reasons discussed, the Court **DISMISSES** this case **WITHOUT PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to enter a separate judgment in favor of the United States. The Clerk is further directed to provide a copy of this Order to Thompson by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: October 8, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE